IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| TRIPLE-S SALUD, INC., TRIPLE-C, INC., TRIPLE-S MANAGEMENT CORPORATION<br><br>**Plaintiff,**<br><br>v.<br><br>MEDICAL CARD SYSTEM, INC., et al.,<br><br>**Defendants.** | **CIVIL NO.** 11-2111 (JAG) |

**MEMORANDUM & ORDER**

GARCIA-GREGORY, D.J.

On November 14, 2011, co-defendants Medical Card System and MCS Health Management Options, Inc., (collectively, "MCS") removed this case from state court. (Docket No. 1). Now before the Court is co-defendant Wilfredo Rosado's ("Rosado") Motion to Remand this case to the state court. (Docket No. 70).

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The removal notice "shall be filed within thirty days after receipt by the defendant, through

service of otherwise, of a copy of the [complaint]." 28 U.S.C. § 1446(b).

However, "[w]here the action involves multiple defendants, the right of removal is subject to the so-called unanimity requirement." Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 75 (1st Cir. 2009). Under that rule, "[a]ll defendants must consent to remove the case for removal to be effected." Esposito, 590 F.3d at 75. The rule provides "[e]ach defendant [with] 30 days after receipt by or service on that defendant of the initial pleading or summons" to manifest his consent to the removal of the case from the state court. 28 U.S.C. § 1446(b)(2)(B). It should be noted that when a party questions the propriety of a removal petition, the removing party bears the burden of showing that removal is proper. See Danca v. Private Health Care Systems, 185 F.3d 1, 4 (1st Cir. 1999) (citing BIW Deceived v. Local S6, Industrial Union of Marine and Shipbuilding Workers of America, IAMAW District Lodge 4, 132 F.3d 824, 831 (1st Cir. 1997)). Removal statutes are strictly construed, and all doubts are to be resolved, against removal. Fajen v. Found. Reserve Ins. Co., Inc., 683 F.2d 331, 333 (10th Cir. 1982) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941) and Greenshields v. Warren Petroleum Corp., 248 F.2d 61, 65 (10th Cir. 1957)). Lastly, "[a]n order remanding

Civ. No. 11-2111                                                      3

a case to the State court from which it was removed is not reviewable on appeal or otherwise[.]" 28 U.S.C. § 1447; Esposito, 590 F.3d at 77.

Rosado alleges that he first gained knowledge about the notice of removal on March 14, 2012. Within the required thirty-day time limit, on April 13, 2012, Rosado filed a motion stating that he did not give his consent to have this case tried in this Court. MCS does not dispute that Rosado filed his motion to remand within the limit prescribed by the rule. Therefore, it is clear that the rule of unanimity is not met and the notice of removal is defective.

MCS, however, argues that the Court must deny Rosado's motion because the parties have invested sufficient resources and time here that would make remand improper. MCS bases this argument largely on Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72 (2009). There, the First Circuit *did* state that "where the parties have already invested valuable resources in pursuing [] litigation in federal court and where a remand to state court would not serve the purposes of the unanimity requirement," a court should deny remand based on a technical defect, such as failure to satisfy the rule of unanimity. Id. at 77. But, upon closer examination, the Court finds this is merely dicta. In Esposito, the First Circuit held that remand was improper "even

assuming that [the defendant's] answer failed to satisfy the unanimity requirement," because it later found that the defendant had in fact consented to the removal. Id. at 77. But MCS's argument carries little force here because it has not shown that the unanimity rule has been complied with. Given that any uncertainties are to be resolved in favor of remand, the Court will choose to remand this case back to state court.

## Conclusion

In view of the foregoing, Rosado's Motion to Remand, (Docket No. 70), is hereby **GRANTED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 14th day of September, 2012.

S/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge
